1  LEE PLUMMER
   California State Bar Number 77783
2  Attorney at Law
   4045 Bonita Rd. #202
3  Bonita, Ca. 91902
   Telephone: (619) 267-1710
4

5  Attorney for Defendant
   Jorge Antonio Rodriguez Barron
6

7
                    **UNITED STATES DISTRICT COURT**
8
                    **SOUTHERN DISTRICT OF CALIFORNIA**
9
                    **(HONORABLE M. JAMES LORENZ)**
10

11 UNITED STATES OF AMERICA,      )   Case No. 08CR1722-L
                                  )
12       Plaintiff,               )   Date: June 30, 2008
                                  )   Time: 2:00 P.M.
13 v.                             )
                                  )   NOTICE OF MOTION AND
14 JORGE ANTONIO RODRIGUEZ        )   MOTION TO:
   BARRON,                        )   COMPEL DISCOVERY
15                                )
         Defendant.                )
16                                )
                                  )
17                                )
                                  )
18

19 TO:   KAREN HEWITT, UNITED STATES ATTORNEY:

20       **PLEASE TAKE NOTICE** that on Monday, June 30, 2008, at 2:00 p.m.,

21 or as soon thereafter as counsel may be heard, the defendant, Jorge

22 Antonio Rodriguez Barron, by and through counsel, LEE PLUMMER will ask

23 this Court to issue an order granting the motion listed below.

24 //

25 //

26 //                                    -1-

27

28

**MOTION**

The defendant, Jorge Antonio Rodriguez Barron, by and through counsel, LEE PLUMMER, asks this Court pursuant to the Fifth and Sixth Amendments, to the United States Constitution, Fed. R. Crim. P. 12, 16 and 26, and all other applicable statutes and local rules for an order to:

1) Compel Discovery

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of this motion.

Respectfully submitted,

Dated: June 14, 2008

/s/ Lee Plummer

Lee Plummer
Attorney for Defendant

1 LEE PLUMMER
California State Bar Number 77783
2 Attorney at Law.
4045 Bonita Rd. #202
3 Bonita, Ca. 91902
Telephone: (619) 267-1710
4

5 Attorney for Defendant
Jorge Antonio Rodriguez Barron
6

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-1722-L |
| Plaintiff, | Date: June 30, 2008 |
| | Time: 2:00 P.M. |
| v. | STATEMENT OF FACTS AND |
| JORGE ANTONIO RODRIGUEZ BARRON, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION |
| Defendant. | |

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard. Defendant in no way admits the truth of the facts alleged in the complaint. The complaint alleges that on or about May 1, 2008, defendant who had previously been excluded attempted to enter and entered the United States of America.

**II**

**MOTION TO COMPEL DISCOVERY**

Defense counsel has received some discovery in this case. However, because Mr. Jorge Antonio Rodriguez Barron believes that there may be other discovery outstanding, he moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

(1) The Defendant's Statements  Under Fed. R. Crim. P. 16(a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the

2

1 Government intends to introduce those statements;

2     (2) <u>Arrest Reports, Notes and Dispatch Tapes</u> The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> also <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and ©, Fed. R. Crim. P. 26.2 and 12(I);

19     (3) <u>Brady Material</u> The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

26     (4) <u>Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.)</u> As discussed

3

1  above, this information is discoverable under Brady v. Maryland, 373
2  U.S. 83 (1963).  This request includes any cooperation or attempted
3  cooperation by the defendant, as well as any information that could
4  affect any base offense level or specific offense characteristic
5  under Chapter Two of the U.S.S.G.  Also included in this request is
6  any information relevant to a Chapter Three adjustment, a
7  determination of the defendant's criminal history, or any other
8  application of the U.S.S.G.;
9       (5)  The Defendant's Prior Record Evidence of prior record is
10 available under Fed. R. Crim. P. 16(a)(1)(B);
11      (6) Any Proposed 404(b) Evidence Evidence of prior similar acts
12 is discoverable under Fed. R. Crim. P. 16(a)(1)© and Fed. R. Evid.
13 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon
14 request of the accused, the prosecution . . . shall provide
15 reasonable notice in advance of trial . . . of the general nature .
16 . ." of any evidence the government proposes to introduce under Fed.
17 R. Evid. 404(b) at trial.  The defendant requests that such notice be
18 given three weeks before trial in order to give the defense time to
19 adequately investigate and prepare for trial;
20      (7) Evidence Seized Evidence seized as a result of any search,
21 either warrantees or with a warrant, is discoverable under Fed. R.
22 Crim. P. 16(a)(1)©;
23      (8)  Request for Preservation of Evidence   The defendant
24 specifically requests that all dispatch tapes or any other physical
25 evidence that may be destroyed, lost, or otherwise put out of the
26 possession, custody, or care of the government and which relate to
27 the arrest or the events leading to the arrest in this case be
28                                  4

1 preserved. This request includes, but is not limited to, any
2 evidence seized from any third party. It is requested that the
3 government be ordered to question all the agencies and individuals
4 involved in the prosecution and investigation of this case to
5 determine if such evidence exists, and if it does exist, to inform
6 those parties to preserve any such evidence;

7     (10) Tangible Objects The defendant requests, under Fed. R.
8 Crim. P. 16(a)(2)©, the opportunity to inspect and copy as well as
9 test, if necessary, all other documents and tangible objects,
10 including photographs, books, papers, documents, photographs, of
11 building or places or copies of portions thereof which are material
12 to the defense or intended for use in the government's case-in-chief,
13 or were obtained from or belong to the defendant;

14     (11) Evidence of Bias or Motive to Lie The defendant requests
15 any evidence that any prospective government witness is biased or
16 prejudiced against the defendant, or has a motive to falsify or
17 distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39
18 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

19     (12) Impeachment Evidence The defendant requests any evidence
20 that any prospective government witness has engaged in any criminal
21 act, whether or not resulting in a conviction, and whether any
22 witness has made a statement favorable to the defendant. See Fed. R.
23 Evid. 608, 609 and 613. Such evidence is discoverable under Brady v.
24 Maryland, supra. See, United States v. Strifler, 851 F.2d 1197 (9th
25 Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d
26 49 (9th Cir. 1965) (evidence that detracts from a witness'
27 credibility);

28

5

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

(15) <u>Witness Addresses</u>  The defendant requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984);

(16) <u>Name of Witnesses Favorable to the Defendant</u>  The defendant requests the name of any witness who made an arguably favorable

6

1  statement concerning the defendant or who could not identify him or
2  who was unsure of his identity, or participation in the crime
3  charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis
4  v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago,
5  575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978);
6  Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444
7  U.S. 1086 (1980);

8  (17) Statements Relevant to the Defense The defendant requests
9  disclosure of any statement that may be "relevant to any possible
10 defense or contention" that he might assert. United States v.
11 Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

12 (18) Jencks Act Material The defense requests all material to
13 which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. §
14 3500, reasonably in advance of trial, including dispatch tapes. A
15 verbal acknowledgment that "rough" notes constitute an accurate
16 account of the witness' interview is sufficient for the report or
17 notes to qualify as a statement under §3500(e)(1). Campbell v. United
18 States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell,
19 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an
20 agent goes over interview notes with the subject of the interview the
21 notes are then subject to the Jencks Act. The defense requests pre-
22 trial production of Jencks material to expedite cross-examination and
23 to avoid lengthy recesses during trial;

24 (19) Giglio Information Pursuant to Giglio v. United States,
25 405 U.S. 150 (1972), the defendant requests all statements and/or
26 promises, express or implied, made to any government witnesses, in
27 exchange for their testimony in this case, and all other information

28

7

which could arguably be used for the impeachment of any government witnesses;

(20) <u>Personnel Records of Government Officers Involved in the Arrest</u> The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) <u>Government Examination of Law Enforcement Personnel Files</u> Mr. Jorge Antonio Rodriguez Barron requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Jorge Antonio Rodriguez Barron requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Jorge Antonio Rodriguez

Barron prior to trial. Mr. Jorge Antonio Rodriguez Barron specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

III.

### CONTENTION

Because the defendant has a Sixth Amendment right as well as a due process right to prepare for and engage in a fair trial, we respectfully request this court to order the government to provide the discovery requested.

IV.

### CONCLUSION

For the foregoing reasons, Martin Gonzalez-Ochoa respectfully requests that this Court grant this motion.

Respectfully submitted,


/s/ Lee Plummer

June 14, 2008:           Lee Plummer
                         Attorney for Defendant

9

CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing documents;

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION

was served on June 14, 2008 upon the below named parties:

Electronic Mail Notice list

The following are those who are currently on the list to receive email notices for this case

Nicole Jones at U.S. Attorney's Office        Nicole.Jones@usdoj.gov

Date June 14, 2008            /s/ Lee Plummer
                              Attorney for Defendant
                              Jorge Antonio Rodriguez Barron