KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Case No. 08CR1722-L |
| | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S MOTION FOR:** |
| | ) |
| v. | ) **(1) FINGERPRINT EXEMPLARS** |
| | ) **(2) RECIPROCAL DISCOVERY** |
| | ) |
| JORGE ANTONIO | ) **TOGETHER WITH STATEMENT OF FACTS** |
| RODRIGUEZ-BARRON, | ) **AND MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| | ) |
| Defendant. | ) Date:   June 30, 2007 |
| | ) Time:   2:00 p.m. |
| | ) |
| | ) |
| | ) |
| _____ | ) |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

/ /

/ /

1

# I

2

## STATEMENT OF THE CASE

3    On May 28, 2008, a federal grand jury in the Southern District of California returned a single

4 count Indictment charging defendant Jorge Antonio Rodriguez-Barron with Attempted Entry After

5 Deportation, in violation of Title 8, United States Code, Section 1326. On May 29, 2008, Defendant was

6 arraigned on the Indictment and entered a plea of not guilty.

7

# II

8

## STATEMENT OF FACTS

9 **A.    DEFENDANT'S APPREHENSION**

10    On May 1, 2008, Border Patrol Agent Quintero was conducting line watch duties in the "Wrucks

11 Canyon" area. This location is about 2.5 miles east of the San Ysidro Port of Entry and is about 250

12 yards north of the border. At about 1:39 a.m., a remote video surveillance operator advised agents in

13 the field that he had observed five people cross the primary and secondary border fence and run north

14 into the "Wrucks Canyon" area. With the help of the RVSS operator and air support, Agent Quintero

15 found the group of individuals. All five, including Defendant, admitted to being citizens of Mexico

16 without immigration documents.

17    At the station, Defendant's biographical information, fingerprints and photograph were entered

18 into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration

19 history. On May 1, 2008, at about 4:50 a.m., Defendant was advised of his <u>Miranda</u> rights. Defendant

20 elected to invoke his right to counsel. Defendant was advised of his right to speak to consular office and

21 declined

22 **B.    DEFENDANT'S CRIMINAL HISTORY**

23    In June 2006, Defendant was convicted of felony evasion of police with disregard to safety and

24 sentenced to 16 months in custody. In February 2005, Defendant was convicted of a DUI and being a

25 felon in possession of a firearm and was sentenced to probation. In November 1995, Defendant was

26 convicted of a DUI and sentenced to five days in jail and probation. In August 1993, Defendant was

27 convicted of willful discharge of a firearm and carrying a concealed weapon in a vehicle and was

28 sentenced to 90 days in jail. In July 1990, Defendant was convicted of possession of a controlled

1  substance for sale and was sentenced to 2 years in prison. In February 1986, Defendant was convicted

2  of petty theft and received probation. The United States believes that Defendant has at least 7 criminal

3  history points and is a criminal history category IV.

4  **C.    DEFENDANT'S IMMIGRATION HISTORY**

5         On July 7, 2005, an immigration judge ordered that Defendant be deported from the United

6  States to Mexico. The judge specifically found that Defendant's claim to United States citizenship was

7  not supported by the record to rebut his alienage established by his birth in Mexico. On April 28, 2007,

8  Defendant was physically removed from the United to Mexico through the San Ysidro Port of Entry.

9  Defendant was most recently removed from the United States on April 28, 2007.

10                                              **III**

11                                 **UNITED STATES' MOTIONS**

12 **A.    FINGERPRINT EXEMPLARS**

13        The United States requests that the Court order that Defendant make himself available for

14 fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427

15 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal

16 and immigration records in Section 1326 prosecution). The privilege against self-incrimination only

17 applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal

18 of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not

19 testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth

20 Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir.

21 1969).

22 **B.    RECIPROCAL DISCOVERY**

23        The Government has and will continue to fully comply with its discovery obligations. To

24 date, the Government has provided Defendant with 309 pages of discovery. The Government has

25 provided Defendant with a complete copy of his A-File. The Government will provide counsel with

26 the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received

27 and a duplicate has been made. Furthermore, the Government will request that the arresting agency

28

1   preserve any evidence the Government intends to introduce in its case-in-chief or that may be

2   material to the defense.

3           The Government moves the Court to order Defendant to provide all reciprocal discovery to

4   which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to

5   disclose to the United States all exhibits and documents which Defendant "intends to introduce as

6   evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases

7   for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the

8   Federal Rules of Evidence.

9                                                IV

10                                        **CONCLUSION**

11          For the foregoing reasons, the Government respectfully requests that its motions be granted.

12          DATED:  June 20, 2008.

13

14                                              Respectfully Submitted,

15                                              KAREN P. HEWITT
                                                United States Attorney
16

17                                              /s/ **_Nicole Acton Jones_**
                                                NICOLE ACTON JONES
18                                              Assistant U.S. Attorney

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1722-L |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JORGE ANTONIO | ) | CERTIFICATE OF SERVICE |
| RODRIGUEZ-BARRON, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.  Lee Plummer

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2008.

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney