1  KAREN P. HEWITT
   United States Attorney
2  NICOLE ACTON JONES
   Assistant U.S. Attorney
3  California State Bar No. 231929
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5482
   E-mail: nicole.jones@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
    UNITED STATES OF AMERICA        ) Criminal Case No. 08CR1722-l
11                                  )
                    Plaintiff,      )
12                                  ) **GOVERNMENT'S RESPONSE AND**
                                    ) **OPPOSITION TO DEFENDANT'S MOTION:**
13         v.                       )
                                    ) **(1) TO COMPEL DISCOVERY**
14                                  )
    JORGE ANTONIO                   ) **TOGETHER WITH STATEMENT OF FACTS**
15         RODRIGUEZ-BARRON,        ) **AND MEMORANDUM OF POINTS AND**
                                    ) **AUTHORITIES**
16                                  )
                    Defendant.      ) Date:   July 30, 2008
17                                  ) Time:   2:00 p.m.
                                    )
18                                  )
                                    )
19                                  )
                                    )
20                                  )
                                    )
21  _____)

22
           COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
23
    Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and
24
    hereby files its Response and Opposition to the above-captioned motions.  Said Response is based upon
25
    the files and records of this case together with the attached statement of facts and memorandum of points
26
    and authorities.
27
    / /
28
    / /

1                                                    **I**

2                                      **STATEMENT OF THE CASE**

3        On May 28, 2008, a federal grand jury in the Southern District of California returned a single

4   count Indictment charging defendant Jorge Antonio Rodriguez-Barron with Attempted Entry After

5   Deportation, in violation of Title 8, United States Code, Section 1326. On May 29, 2008, Defendant was

6   arraigned on the Indictment and entered a plea of not guilty.

7                                                   **II**

8                                     **STATEMENT OF FACTS**

9   **A.    DEFENDANT'S APPREHENSION**

10       On May 1, 2008, Border Patrol Agent Quintero was conducting line watch duties in the "Wrucks

11  Canyon" area. This location is about 2.5 miles east of the San Ysidro Port of Entry and is about 250

12  yards north of the border. At about 1:39 a.m., a remote video surveillance operator advised agents in

13  the field that he had observed five people cross the primary and secondary border fence and run north

14  into the "Wrucks Canyon" area. With the help of the RVSS operator and air support, Agent Quintero

15  found the group of individuals. All five, including Defendant, admitted to being citizens of Mexico

16  without immigration documents.

17       At the station, Defendant's biographical information, fingerprints and photograph were entered

18  into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration

19  history. On May 1, 2008, at about 4:50 a.m., Defendant was advised of his Miranda rights. Defendant

20  elected to invoke his right to counsel. Defendant was advised of his right to speak to consular office and

21  declined

22  **B.    DEFENDANT'S CRIMINAL HISTORY**

23       In June 2006, Defendant was convicted of felony evasion of police with disregard to safety and

24  sentenced to 16 months in custody. In February 2005, Defendant was convicted of a DUI and being a

25  felon in possession of a firearm and was sentenced to probation. In November 1995, Defendant was

26  convicted of a DUI and sentenced to five days in jail and probation. In August 1993, Defendant was

27  convicted of willful discharge of a firearm and carrying a concealed weapon in a vehicle and was

28  sentenced to 90 days in jail. In July 1990, Defendant was convicted of possession of a controlled

1  substance for sale and was sentenced to 2 years in prison.  In February 1986, Defendant was convicted

2  of petty theft and received probation.  The United States believes that Defendant has at least 7 criminal

3  history points and is a criminal history category IV.

4  **C.    DEFENDANT'S IMMIGRATION HISTORY**

5  On July 7, 2005, an immigration judge ordered that Defendant be deported from the United

6  States to Mexico.  The judge specifically found that Defendant's claim to United States citizenship was

7  not supported by the record to rebut his alienage established by his birth in Mexico.  On April 28, 2007,

8  Defendant was physically removed from the United to Mexico through the San Ysidro Port of Entry.

9  Defendant was most recently removed from the United States on April 28, 2007.

10  **III**

11  **DEFENDANT VALDEZ-ARIZPE'S MOTIONS**

12  **A.    MOTION TO COMPEL DISCOVERY**

13  **1.    Discovery in this Matter is Current**

14  The Government has and will continue to fully comply with its discovery obligations. To

15  date, the Government has provided Defendant with 309 pages of discovery.  The discovery produced

16  to date includes the report of Defendant's arrest, a complete copy of his A-file documents, and his

17  rap sheet.  Furthermore, the Government will request that the arresting agency preserve any evidence

18  the Government intends to introduce in its case-in-chief or that may be material to the defense.

19  **2.    The Government Has and Will Continue to Comply With Its Discovery**
   **Obligations**

20

21  The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland,

   373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure.

22

   As set forth above, the Government has complied and will continue to comply with its discovery

23

24  obligations going forward.

   As to exculpatory information, the United States is aware of its obligations under Brady v.

25

   Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply.

26

   The United States will also produce any evidence of bias/motive or impeachment of any of its

27

   witnesses of which it becomes aware.  An inquiry pursuant to United States v. Henthorn, 931 F.2d 29

28

   (9th Cir. 1991) will also be conducted.

1   The United States will provide a list of witnesses at the time the Government's Trial

2   Memorandum is filed.  The grand jury transcript of any person who will testify at trial will also be

3   produced.  The United States will produce any reports of experts that it intends to use in its case-in-

4   chief at trial or such reports as may be material to the preparation of the defense.

5   The United States has provided information within its possession or control pertaining to the

6   prior criminal history of Defendant.  If the Government  intends to offer any evidence under

7   Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

8   To the extent Defendant requests other specific documents or types of documents, the

9   Government will continue to disclose any and all discovery required by the relevant discovery rules.

10   Accordingly, the Government respectfully requests that no orders compelling specific discovery by

11   the United States be made at this time.

12   **3.      The Government Objects to Requests for Discovery That Go Beyond Any
         Statutory or Constitutional Disclosure Provision.**
13          *a.      Impeachment Evidence*

14   The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material

15   evidence that could be used to impeach Government witnesses including material information related

16   to perception, recollection, ability to communicate, or truth telling.  The Government, however,

17   strenuously objects to providing any evidence that a witness has ever used narcotics or other

18   controlled substance, or has ever been an alcoholic because such information is not discoverable

19   under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure provision.

20   [Memorandum at 6.] Nor is Defendant entitled to evidence that a prospective witness has ever

21   engaged in a criminal act or is under criminal investigation by federal, state, or local authorities. [<u>Id.</u>

22   at 5-6]  The Government will, however, provide the conviction record, if any, which could be used to

23   impeach witnesses the United States intends to call in its case-in-chief.  An inquiry pursuant to

24   <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

25         *b.      Witness Lists*

26   The Government objects to any request that the United States provide a list of every witness

27   to the crimes charged who will not be called as a United States witness. [Memorandum at 6.]  "There

28   is no statutory basis for granting such broad requests," and a request for the names and addresses of

1   witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United

2   States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F.

3   Supp. 444, 502 (D. Del. 1980)).

4                   ***c.***        ***Personnel Records of Government Officers Involved in the Arrest***

5          The Government objects to Defendant's request that the Government reveal all citizen

6   complaints, and internal affair inquiries into the inspectors, officers, and special agents who were

7   involved in this case – regardless of whether the complaints or inquiries are baseless or material and

8   regardless of whether the Government intends to call the inspectors, officers, and special agents to

9   testify. [Memorandum at 8.]  As previously noted, the Government will comply with Henthorn and

10   disclose to Defendant all material incriminating information regarding the testifying Government

11   inspectors, officers, and special agents.

12                                        **IV**

13                             **CONCLUSION**

14          For the foregoing reasons, the Government respectfully requests that Defendant's motions be

15   denied except where unopposed.

16          DATED:  June 20, 2008.

17

18                                        Respectfully Submitted,

19                                        KAREN P. HEWITT
                                         United States Attorney

20

21                                      /s/ ***Nicole Acton Jones***
                                     NICOLE ACTON JONES

22                                      Assistant U.S. Attorney

23

24

25

26

27

28

1

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

3

4      UNITED STATES OF AMERICA,         )    Criminal Case No. 08CR1722-L
                                         )
5                      Plaintiff,        )
                                         )
6      v.                                )
                                         )
7      JORGE ANTONIO                     )    CERTIFICATE OF SERVICE
              RODRIGUEZ-BARRON,          )
8                                        )
                       Defendant.        )
9      _____  )

10     IT IS HEREBY CERTIFIED THAT:

11          I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years
12     of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

13          I am not a party to the above-entitled action.  I have caused service of **GOVERNMENT'S
       RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing
14     with the Clerk of the District Court using its ECF System, which electronically notifies them.

15          1.  Lee Plummer

16          I hereby certify that I have caused to be mailed the foregoing, by the United States Postal
       Service, to the following non-ECF participants on this case:
17
            None
18
       the last known address, at which place there is delivery service of mail from the United States Postal
19     Service.

20          I declare under penalty of perjury that the foregoing is true and correct.

21          Executed on June 20, 2008.

22                                              /s/ *Nicole Acton Jones*
                                                NICOLE ACTON JONES
23                                              Assistant U.S. Attorney

24

25

26

27

28

                                                6                                   08CR1722-L